252 P.3d 63

**In the Matter of Richard BLAISDELL.**

**No. SCWC–29877.**

Supreme Court of Hawai‘i.

April 26, 2011.

Richard Blaisdell, petitioner/plaintiff-appellant pro se.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, DUFFY, and McKENNA, JJ.

Opinion of the Court by DUFFY, J.

Petitioner/Plaintiff–Appellant Richard Blaisdell (Blaisdell) filed a timely application for writ of certiorari (Application), urging this court to review the Intermediate Court of Appeals' (ICA) November 16, 2010 judgment on appeal in support of its October 21, 2010 summary disposition order (SDO), which affirmed the Circuit Court of the First Circuit's (circuit court) May 14, 2009 Final Separate Judgment (Judgment) denying Blaisdell's motion for a temporary restraining order and/or preliminary injunction, and dismissing all claims in Blaisdell's complaint

with prejudice.[1] We accepted the Application on March 23, 2011.

Blaisdell's Application presents the following questions:

1. Did the ICA err by affirming the court's dismissal, with prejudice, naming 14 Defendants, who were never served?

2. Did the ICA err by affirming the court's jurisdiction over this case when, in fact, the court did not have jurisdiction over the 14 defendants the court, itself, named?

3. Did the ICA err by affirming the court's decision to deny the return of Blaisdell's legal audio tapes that prove his illegal conviction of his criminal case and denial of his Constitutional Rights and due process?

Based on the analysis below, we vacate the Judgment dismissing Blaisdell's complaint with prejudice.

## I. BACKGROUND

This case arises from the confiscation of audio tapes (tape cassettes) belonging to Blaisdell[2], a Hawai'i state inmate who has been incarcerated in the Saguaro Correctional Center in Eloy, Arizona, following his November 10, 1994 conviction of five counts of sexual assault in the first degree, eleven counts of sexual assault in the third degree, and one count of terroristic threatening. *See Blaisdell v. State*, No. 27825, 2007 WL 39306, at *1 (Haw.App.2007). On May 13, 2008, Blaisdell filed a pleading entitled "Motion For Court to Order Saguaro Prison Officials to Supply Information, Request for Court to Enjoin Prison Officials to Give Blaisdell His Legal Material Forthwith", which, *inter alia*, sought to order Saguaro Prison Officials to return "legal work and supplies" to his possession.[3] As noted by the ICA in its SDO, the circuit court interpreted the pleading as a civil complaint asserting causes of action under the Freedom of Information Act, with claims for injunctive relief and monetary damages.[4] *See* SDO at 1. Blaisdell did not serve his complaint on anyone, nor did he specifically name any defendants. *See id.* at 2.

On May 15, 2008, the circuit court[5] denied Blaisdell's request for injunctive relief, without prejudice, stating that he did not meet the requirements for injunctive relief under Hawai'i Rules of Civil Procedure (HRCP) Rule 65(b)[6]:

> Blaisdell has not suggested that he has served the instant motion or otherwise notified the opposing party of the motion. Neither has he provided a declaration explaining why his injunctive request must be granted before the opposing party or its attorney can be heard nor has he certified the efforts made to give notice and the reasons supporting a claim that notice should not be required.
>
> · · ·
>
> Blaisdell claims that certain "legal material, envelopes, writing paper, case files, [and] legal lawbooks" were taken from him on April 22, 2008, and that prison officials promised to return materials but thus far

---

1. The Honorable Karl K. Sakamoto presided.

2. Blaisdell is a pro se litigant in this case.

3. These items, including "legal material, envelopes, writing paper, case files, [and] legal lawbooks", were allegedly confiscated from Blaisdell on April 23, 2008, when he was charged with conspiracy, failure to follow prison rules, and violating "Arizona State, Federal and Local Laws." An in-prison hearing was conducted on April 29, 2008, and Blaisdell was sentenced to sixty days in segregation. He was released from segregation on June 25, 2008, and on July 21, 2008, Blaisdell's property, except for the tape cassettes, was returned to him.

4. We agree with the circuit court's interpretation of Blaisdell's pleading as a civil complaint.

5. The Honorable Karen S.S. Ahn presided.

6. HRCP Rule 65(b) states, in relevant part, that

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

HRCP Rule 65(b) (2000).

have not.... While [Blaisdell] has a right to adequate and effective access to courts, based upon his general descriptions, it is difficult to assess the nature of any alleged irreparable injury he will suffer or what specific relief the Court should order, to wit, which, if any, materials must be returned to him.... [T]he Court has weighed the following: 1) whether plaintiff is likely to prevail on the merits 2) whether the balance of irreparable damage favors the issuance of a temporary injunction and 3) whether the public interest supports granting the injunction.

On July 8, 2008, the case was reassigned.[7] On August 1, 2008, Blaisdell filed an "Emergency Motion for a T.R.O. and/or Preliminary Injunction," (Emergency Motion) which again sought to enjoin Saguaro Prison Officials from destroying thirteen confiscated tape cassettes alleged to contain evidence that would prove prosecutorial misconduct which would exonerate him in his criminal case.[8] In this Emergency Motion, unlike the previous motion that was denied, Blaisdell attempted to conform the motion to meet the injunctive requirements of HRCP Rule 65(b), by alleging that: (1) he was likely to prevail on the merits; (2) he would suffer irreparable harm without the injunction; and (3) public policy favored the issuance of the injunction. In addition, the Emergency Motion made a specific request for thirteen tape cassettes to be returned to him, rather than a general request for the return of "legal work and supplies" in the first Motion.

Nonetheless, the Emergency Motion was denied on October 21, 2008.

On November 13, 2008, Blaisdell filed a notice of appeal from the circuit court's October 21, 2008 order. However, the ICA dismissed the appeal on March 4, 2009, because the circuit court had not yet entered a final, separate, and appealable judgment. Twice, on March 12, 2009 and April 9, 2009, Blaisdell moved the circuit court to issue a Final Separate Judgment. On April 20, 2009, after the circuit court did not respond to these motions, Blaisdell filed a writ of mandamus to compel the circuit court to enter a Final Separate Judgment. On May 4, 2009, this court ordered the circuit court to answer the mandamus within fifteen days. *Blaisdell v. Sakamoto*, No. 29776, 2009 WL 1223198 (Haw.2009). On May 14, 2009, the circuit court entered its Final Separate Judgment (Judgment) in favor of fourteen "defendants"[9] who were not named in Blaisdell's complaint. In addition to denying Blaisdell's request for a temporary restraining order and/or preliminary injunction, the circuit court dismissed all other claims in Blaisdell's complaint *with prejudice*. The circuit court did not explain why it decided to name those fourteen individuals and/or entities as defendants, or by what authority it *sua sponte* named them. In addition, the circuit court did not explain why Blaisdell's claims for relief were being denied *with prejudice*, rather than without prejudice. On June 5, 2009, Blaisdell filed his notice of appeal from the circuit court's Judgment.

---

7. The Honorable Karl K. Sakamoto was assigned the case.

8. Blaisdell alleges that the tapes prove that the Deputy Prosecutor, Thalia Murphy and others were inside the police interview rooms *whispering the desired answers* to the alleged victims during their police interviews when everyone present swore that "NO ONE WAS IN THE ROOMS WITH THE ALLEGED VICTIMS AND THE POLICE OFFICER CONDUCTING THE INTERVIEWS."

9. The circuit court, *sua sponte*, named the following as defendants in this matter:
 - State of Hawai'i—State Attorney General of Hawai'i
 - Department of the Prosecuting Attorney, City & County of Honolulu—Deputy Prosecutor Thalia Murphy
 - State of Arizona—State Attorney General of Arizona
 - Saguaro Prison/Saguaro Correctional Center
 - Warden Thomas
 - A/W B. Griego
 - J. Bradley A/W
 - Chief of Security Lopez
 - Captain Olsen
 - Unit Manager Garcia
 - Lieutenant Hernandez
 - Sargent Flores
 - Property Manager/Officer Anthony
 - Counselor Jandt

 Prior to the circuit court's Judgment, there were no named defendants.

Blaisdell filed his opening brief with the ICA on August 31, 2009, contending, in pertinent part, that the circuit court: (1) erred by dismissing the case with prejudice; (2) erred by naming fourteen defendants not mentioned in the case; and (3) abused its discretion by dismissing, with prejudice, those fourteen defendants. Blaisdell asserted that the circuit court abused its discretion by dismissing the case with prejudice, *"all in retaliation for filing the mandamus."*

The ICA disagreed with Blaisdell and summarily affirmed the circuit court's Judgment stating that

> [u]pon careful review of the record and the brief submitted by Blaisdell and having given due consideration to the arguments advanced and the issues raised by him, as well as the relevant statutory and case law, we conclude that Blaisdell's appeal is without merit.

SDO at 3.

Blaisdell filed his Application on February 7, 2011.

## II. *STANDARD OF REVIEW*

*Dismissal Under HRCP Rule 41(b)*

> ■ The review of a dismissal under HRCP Rule 41(b) is for abuse of discretion, and absent deliberate delay, contumacious conduct or actual prejudice[,] an order of dismissal cannot be affirmed.

*Jungblut v. Nishio,* No. 29997, 2010 WL 3866029, at *5 (Haw.App.2010) (internal citations and quotation marks omitted); *see also Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture,* 79 Hawai'i 103, 107, 899 P.2d 386, 390 (1995).

> [T]o constitute an abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*Amfac, Inc. v. Waikiki Beachcomber Inv. Co.,* 74 Haw. 85, 114, 839 P.2d 10, 26–27 (1992).

## III. *DISCUSSION*

### A. *The ICA Erred When It Affirmed The Circuit Court's Dismissal Of Blaisdell's Complaint With Prejudice.*

Blaisdell raises the following argument in his Application:

> 2. The fact that the dismissed defendants [that the circuit court, itself, named] were not served and not properly before the court, the court had no jurisdiction over any of the defendants, much less, to dismiss them WITH PREJUDICE, the case should have just simply been dismissed[.]

Blaisdell appears to argue that because he did not name or serve any defendants in this matter, it was not possible nor proper for the circuit court to name, *sua sponte,* fourteen defendants, and subsequently enter judgment in their favor, with prejudice. We agree with Blaisdell's argument to the extent that his claims for relief should not have been dismissed with prejudice.

### 1. **The circuit court had authority to dismiss Blaisdell's complaint without prejudice.**

HRCP Rule 4(b), which governs the requirements of service, states that the summons *shall contain:*

(2) ... the names of the parties ...

(3) be directed at the defendant, [and]

...

(5) state the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint[.]

HRCP Rule 4(b)(2)-(5) (2010). HRCP Rule 4(d) further requires that the summons and complaint be served together. HRCP Rule 4(d) (2010). However, since Blaisdell did not name any defendants in his complaint, the requirements of HRCP Rule 4 regarding the form of the summons were not met and the requisite service of process was not completed.

■ As Blaisdell did not comply with HRCP Rule 4, the circuit court was author-

ized by HRCP Rule 41(b)(2) to *sua sponte* dismiss the complaint, provided that

> [s]uch dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

HRCP Rule 41(b)(2) (2010). Thus, the circuit court had authority to dismiss Blaisdell's complaint, subject to the ten day reinstatement motion and a finding of good cause. *See id.*

### 2. Involuntary dismissals of a complaint with prejudice are not favored, and should be ordered only in extreme circumstances, which are not present in this case.

 HRCP Rule 41(b), in pertinent part, states that

> (2) For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties.

HRCP Rule 41(b)(2) (2010). The threshold standard for granting an involuntary dismissal of a complaint with prejudice is set high: the record must show deliberate delay, contumacious conduct or actual prejudice. *Shasteen*, 79 Hawai'i at 107, 899 P.2d at 390. If the record does not show the requisite facts, an order of dismissal cannot be affirmed under HRCP Rule 41(b). *Id.*

 In addition, our case law informs us that the sanction of dismissal of a complaint with prejudice is one of last resort where lesser sanctions would not serve the interest of justice. *Id.* In fact, this court has stated that "an order of dismissal *cannot be affirmed absent deliberate delay, contumacious conduct, or actual prejudice[.]*" *Id.* (emphasis added); *see also Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976). Dismissal of a complaint with prejudice in the absence of these circumstances consti-

tutes an abuse of discretion. *Shasteen*, 79 Hawai'i at 107, 899 P.2d at 390.

 Federal appellate courts interpreting Rule 41(b) of the Federal Rules of Civil Procedure, which is substantially similar to HRCP 41(b)[10], are in agreement that the dismissal of a complaint with prejudice is such a severe sanction that it should seldom be used.[11] *See Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 212 (5th Cir.1976); *see also Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir.1975). Because the interests of justice are best served by resolving a case on its merits, absent a clear record of delay or contumacious conduct, "the careful exercise of judicial discretion requires that a [trial] court consider less severe sanctions *and explain, where not obvious, their inadequacy for promoting the interests of justice.*" *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir.1986) (emphasis added).

### 3. The facts of this case do not support dismissal of Blaisdell's complaint with prejudice.

 Whether a trial court exercised sound discretion in dismissing a case with prejudice turns on the facts of each case. *Bagalay v. Lahaina Restoration Foundation*, 60 Haw. 125, 134, 588 P.2d 416, 422 (1978).

#### a. *Deliberate delay and actual prejudice*

 A dismissal with prejudice would not constitute an abuse of discretion where a plaintiff's deliberate delay causes actual prejudice to a defendant. *Anderson*, 542 F.2d at 524. Although the law presumes injury from unreasonable delay, the presumption of prejudice is rebuttable upon a showing that actual prejudice did not occur. *Id.*

The ICA in *Ellis v. Harland Bartholomew and Assoc.*, upheld a dismissal with prejudice when plaintiff's unreasonable delays resulted in harm to the defendants. *Ellis*, 1 Haw. App. 420, 428, 620 P.2d 744, 749–50 (1980).

---

10. FRCP Rule 41(b) provides that
 [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.
 FRCP Rule 41(b) (2007).

11. Where the FRCP are similar to the HRCP, this court may look to federal case law for guidance. *Stallard v. Consolidated Maui, Inc.*, 103 Hawai'i 468, 475, 83 P.3d 731, 738 (2004).

In that case, a number of depositions were not taken until ten years after the complaint was filed due to numerous motions by plaintiff to delay and postpone trial, and submissions of affidavits reciting his excuses for unavailability. *Id.; see also Hawaii Auto. Retail Gasoline Dealers Ass'n, Inc. v. Brodie*, 2 Haw.App. 99, 101, 626 P.2d 1173, 1175 (1981) (affirming dismissal with prejudice when two years elapsed from the filing of the complaint until the matter was set for trial, defendant was not deposed until the eve of trial, and plaintiff did nothing but engage in the "artful dodging of diligent prosecution.").

In *Anderson*, a dismissal with prejudice was upheld where a plaintiff filed a complaint immediately before the running of the statute of limitations, but did not complete service of process upon all defendants until one year later. *Anderson*, 542 F.2d at 524. In that case, the Court of Appeals for the Ninth Circuit stated that the defendants who were served last in time were burdened with actual prejudice because they were denied the opportunity to adequately prepare for their defense. *Id.* at 525.

 Here, the record reveals that Blaisdell's actions bear no resemblance to the conduct of the parties whose dismissals with prejudice have been upheld. Instead, the nature of Blaisdell's "Emergency Motion" and his request for relief in the form of a temporary restraining order and/or preliminary injunction suggests that he acted with some urgency, rather than unreasonable delay. Moreover, the record indicates that any delay in this case was not attributable to Blaisdell. On March 4, 2009, Blaisdell's appeal was dismissed for lack of appellate jurisdiction because the circuit court did not enter a final separate judgment. On March 6, 2009, and again on April 4, 2009, Blaisdell motioned the circuit court to issue a final separate judgment. When the circuit court did not enter a final separate judgment, Blaisdell filed a writ of mandamus on April 20, 2009, requesting that this court order the circuit court to enter the requisite final separate judgment. It was not until May 4, 2009, after being ordered to do so by this court,

that the circuit court entered its Judgment. *See Blaisdell v. Sakamoto*, No. 29776, 2009 WL 1223198 (Haw.2009).

Assuming *arguendo* that Blaisdell acted with deliberate delay, a dismissal could not be upheld without a showing of actual prejudice to the defendant. *See Shasteen*, 79 Hawai'i at 109, 899 P.2d at 392. In this case, no defendant was burdened with prejudice because "Blaisdell did not serve his complaint on anyone nor did he specifically name any defendants." SDO at 2. The circuit court named in its Judgment, *sua sponte*, fourteen defendants it *assumed* Blaisdell's action was directed at, and entered judgment in their favor. Because Blaisdell named no defendants in his complaint, no defendants were burdened with prejudice, which would otherwise support the justification for dismissing Blaisdell's claim for relief with prejudice. *See Bagalay*, 60 Haw. at 133, 588 P.2d at 422.

b. *Contumacious conduct*

 In addition to deliberate delay by the plaintiff and actual prejudice to the defendant, contumacious conduct also warrants dismissal of an action with prejudice. *Shasteen*, 79 Hawai'i at 108, 899 P.2d at 391. "Contumacious conduct" has been defined by this court as "[w]illfully stubborn and disobedient conduct." *Id.* at 107 n. 7., 899 P.2d at 391 n. 7 (citing *Black's Law Dictionary* 330 (6th ed.1990)).[12]

 In this case, Blaisdell did not refuse compliance with a court order, nor was he issued one. Without evidence that Blaisdell conducted himself in a willfully defiant manner, his actions did not amount to what this court considers "contumacious conduct."

 In summary, the record does not indicate: (1) a deliberate attempt by Blaisdell to delay the prosecution of this case; (2) that the "defendants" suffered actual prejudice; or (3) that Blaisdell's actions rose to the level of contumacious conduct. Absent these circumstances, the circuit court should have considered and explained why a lesser sanction, such as a dismissal without preju-

---

**12.** The most recent edition of Black's Law Dictionary narrowly defines such conduct as "[a] willful disobedience of a court order." *Black's Law Dictionary* 337 (9th ed.2009).

dice, was insufficient to serve the interests of justice. *See Schilling,* 805 F.2d at 275. Here, the circuit court did not provide any such explanation. Furthermore, a dismissal with prejudice is inconsistent with this court's "policy of affording litigants the opportunity to have their cases heard on the merits, where possible[.]" *Housing Fin. & Dev. Corp. v. Ferguson,* 91 Hawai'i 81, 85–86, 979 P.2d 1107, 1111–12 (1999) (quoting *Bettencourt v. Bettencourt,* 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995)).

Based on the foregoing, the circuit court abused its discretion when it dismissed Blaisdell's complaint with prejudice.

## IV. *CONCLUSION*

The ICA erred in summarily affirming the circuit court's dismissal, with prejudice, of Blaisdell's complaint. We vacate the Judg-ment and remand this case to the circuit court for proceedings before a different judge, *see State v. Carvalho,* 90 Hawai'i 280, 288 n. 8, 978 P.2d 718, 726 n. 8 (1999) ("It should be noted that we are remanding for resentencing by a different judge because, inasmuch as [the circuit court judge] previously determined the appropriate length of sentence, remanding the matter to [the circuit court judge] would constitute an inadequate remedy.") (citations omitted), with instructions to dismiss Blaisdell's complaint without prejudice.