**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000078**
**29-MAR-2023**
**07:53 AM**
**Dkt. 101 MO**

NO. CAAP-19-0000078

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHARLES DAVID WAGNER, TRUSTEE OF THE CHARLES DAVID WAGNER TRUST
DATED FEBRUARY 16, 1995 and JILL ABIGAIL WAGNER, TRUSTEE OF THE
JILL ABIGAIL WAGNER TRUST DATED FEBRUARY 16, 1995,
Plaintiffs/Counterclaim Defendants-Appellants,
v.
GUIDO GIACOMETTI and SUSAN TIUS,
Defendants/Counterclaimants-Appellees,
and
Does 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL No. 3CC15100083K)


**MEMORANDUM OPINION**
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiffs/Counterclaim Defendants-Appellants Charles David Wagner, Trustee of the Charles David Wagner Trust Dated February 16, 1995, and Jill Abigail Wagner, Trustee of the Jill Abigail Wagner Trust Dated February 16, 1995, (the **Wagners**) appeal from the "Final **Judgment** as to All Claims and Parties" in favor of Defendants/Counterclaimants-Appellees Guido **Giacometti** and Susan **Tius** entered by the Circuit Court of the Third Circuit on January 11, 2019.[1]  For the reasons explained below, we vacate the Judgment and remand for proceedings consistent with this memorandum opinion.

---

[1]    The Honorable Melvin H. Fujino presided.

BACKGROUND

The Wagners and Giacometti and Tius were neighbors in the Anekona Estates subdivision on the island of Hawaiʻi.  The Wagners sued Giacometti and Tius on March 3, 2015.  They alleged that Giacometti and Tius violated various provisions of the Declaration of Protective Covenants, Conditions and Restrictions for Anekona Estates.  The complaint alleged breach of contract, injunctive relief, and specific performance.  It was signed by attorney Steven D. **Strauss**.

Giacometti and Tius answered the complaint and filed a counterclaim on April 23, 2015.  They claimed that the Wagners "negatively impacted and impaired [their] enjoyment and use of their property and the value of their property."  The counterclaim alleged tortious interference with contractual and other relations, nuisance, and abuse of process.  Giacometti and Tius were represented by attorney Bruce H. **Wakuzawa**.

The Wagners answered the counterclaim on May 29, 2015. On November 25, 2015, attorney Gary W.K. **Au Young** entered an appearance as counsel for the Wagners "on the Counterclaim."  It appears from the record that Au Young was retained by the Wagners' insurer, **The Hartford**, to defend the Wagners against Giacometti's and Tius's counterclaim.

According to the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**) in effect at the relevant time, the Wagners' pretrial statement was due on November 3, 2015 (eight months after their complaint was filed) and Giacometti's and Tius's pretrial statement for their counterclaim was due on December 23, 2015. See former RCCH Rule 12(b).  At that time in the Third Circuit, within sixty days after the pretrial statement was filed, the plaintiff was required to file a document with the court indicating that either: counsel has agreed upon 3 separate weeks, within 150-240 days from the filing date of the pretrial statement, in which the trial can occur; or counsel cannot agree on trial dates and the parties wish a trial setting status conference.  See former RCCH Rule 12(c)(2).  Under the RCCH, the trial date should have been set for June 30, 2016, at the latest.

None of the parties filed pretrial statements.  On August 11, 2017, the circuit court entered an order dismissing the complaint and the counterclaim.  See former RCCH Rule 12(q). The parties filed timely motions to set aside the order of dismissal.  Orders granting the motions were entered on October 30, 2017.

Giacometti and Tius filed their pretrial statement on September 25, 2017.  The Wagners filed their pretrial statement on October 2, 2017.  Under former RCCH Rule 12(c)(2), the trial date was to be between February 22, 2018 and May 23, 2018.

On December 15, 2017, the Wagners filed their trial setting statement.  They reported that the parties were unable to agree on a trial date, and requested a trial setting conference. On January 8, 2018, the circuit court scheduled a trial setting conference for February 13, 2018.  The conference was continued by stipulation and held on March 9, 2018.

On March 14, 2018, the circuit court entered an order setting a settlement conference for July 5, 2018, and the trial for August 7, 2018 (**Order Setting Trial**).  The order stated: "Counsel shall filed [sic] written client consent to the trial date as set."  Giacometti and Tius filed their consent to the August 7, 2018 trial date on March 28, 2018.[2]  The record does not contain a consent filed by the Wagners.

Pertinent to this appeal, the Order Setting Trial also stated:

<u>Attendance at Settlement Conferences</u>

Attendance at settlement conferences shall be as required by Rule 12.1, Rules of the Circuit Courts.  The Court notes particularly Rule 12.1(a)(4) mandating the parties to have attempted to negotiate settlement through an exchange of written bona fide and reasonable offers of settlement prior to the conference.[3]  Attendance and

---

[2]     The document was titled "Consent to Continuance of Trial Date" but the text of the document stated only that Giacometti and Tius "consent to the August 7, 2018 Trial Date" and did not mention a continuance.

[3]     Former RCCH Rule 12.1(a)(4) provided:

Each party to the action shall have thoroughly evaluated the case and shall have discussed and attempted to negotiate a

authority are extremely important, therefore, the parties or attorneys who have complete settlement authority (not authority to settle up to a certain amount) shall be present.  Failure to comply with this shall result in the Court imposing appropriate sanctions.  The court suffers great inconvenience when clients are not readily available.

. . . .

Sanctions

The sanctions for non-compliance with this order include those imposed by Haw. R. Circuit Cts. Rule 12.1(a)(6), and shall, in the appropriate case, include default.[4]

The parties began to mediate in April 2018.

On June 21, 2018, the Wagners filed: (1) a motion to continue the trial date, reset pretrial deadlines, and continue the settlement conference; and (2) an ex parte motion to shorten time for hearing the motion.  The motion was heard on June 29, 2018.  The circuit court orally denied the motion.  A written order was entered on August 29, 2018 (**Order Denying Motion to Continue**).

The settlement conference took place as scheduled on July 5, 2018.  The circuit court noted that the Wagners had not submitted a confidential settlement conference letter or filed a

---

settlement through an exchange of written bona fide and reasonable offers of settlement prior to the conference.

[4]    Former RCCH Rule 12.1(a)(6) provided:

SANCTIONS.  The failure of a party or his attorney to appear at a scheduled settlement conference, the neglect of a party or his attorney to discuss or attempt to negotiate a settlement prior to the conference, or the failure of a party to have a person authorized to settle the case present at the conference shall, unless a good cause for such failure or neglect is shown, be deemed an undue interference with orderly procedures. As sanctions, the court may, in its discretion:

(i)   Dismiss the action on its own motion, or on the motion of any party, or hold a party in default, as the case may be;

(ii)  Order a party to pay the opposing party's reasonable expenses and attorneys' fees;

(iii) Order a change in the calendar status of the action;

(iv)  Impose any other sanction as may be appropriate.

settlement conference statement as to their affirmative claims; were not present in person; and the attorney defending them against the counterclaim (Au Young) was also not present in person.  The court stated:

> The Court has reviewed the files and records in this case, and pursuant to orders setting jury trial date and pre-trial deadline filed March 14, 2018:
>
> As to the counterclaim filed by [Giacometti and Tius], the Court will enter default against the [Wagners] as neither Mr. Au Young [n]or the [Wagners] are present today;
>
> As to the underlying complaint, the [Wagners]' attorney not being in compliance with filing a confidential -- personal and confidential letters, as well as the settlement conference statement, the Court will dismiss the underlying complaint without prejudice.

On August 13, 2018, the circuit court entered the **"Order Imposing Sanctions** Against [the Wagners] for Multiple Violations of March 14, 2018 Order Setting Jury Trial Date and Pretrial Deadlines[.]"

On August 21, 2018, the Wagners filed a motion for reconsideration of the Order Imposing Sanctions.  Also on August 21, 2018, Giacometti and Tius filed a motion for default judgment on their counterclaim against the Wagners and a motion for attorneys' fees and costs.  The three motions were heard on September 20, 2018.

On December 3, 2018, the circuit court entered an order denying the Wagners' motion for reconsideration (**Order Denying Reconsideration**) and separate orders granting Giacometti's and Tius's motion for default judgment (**Order Granting Default Judgment**) and motion for attorneys' fees and costs (**Order Granting Fees and Costs**).

The Judgment was entered on January 11, 2019.[5]  This appeal followed.

---

[5]    The judgment amount was $446,750.06, including $105,843.42 in attorneys' fees and $3,331.64 in costs.

**DISCUSSION**

The Wagners contend that the circuit court erred by entering the Order Denying Motion to Continue, Order Imposing Sanctions, Order Denying Reconsideration, Order Granting Default Judgment, and Order Granting Fees and Costs.

**I.    The Circuit Court Abused its Discretion by Denying the Wagners' Motion to Continue the Settlement Conference and Trial Dates**

We review the Order Denying Motion to Continue for abuse of discretion.  Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980).  "Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Id.

**A.    Trial Date**

The Wagners waited more than three months after entry of the Order Setting Trial to move to continue the trial and settlement conference.  Their motion was supported by their declarations stating they would be away from Hawaiʻi from June 12, 2018, until July 30, 2018 (a week before the trial was to begin).  They submitted copies of their itinerary showing their tickets had been issued on January 10, 2018 (two months before the March 9, 2018 trial setting conference), and that they would be in Europe on July 5, 2018 (the date set for the settlement conference).  Their declarations also stated that their expert witness died unexpectedly in March 2018, and they intended to retain another expert witness for trial.[6]

The Wagners also argued that Giacometti and Tius originally requested, at the trial setting conference, "a trial date in October 2018[.]"  Giacometti and Tius agree that they had requested a trial date in October 2018, but "[t]he Court

---

[6]    The expert witness, who was to "testify about his appraisal of the WAGNERS' real property[,]" had been properly identified in their pretrial statement.

declined[.]"  Giacometti and Tius acknowledge that Wakuzawa told the Wagners' counsel, "[s]hortly after the trial setting conference," that Giacometti and Tius "would not oppose a short continuance of the trial."

In opposition to the motion, Giacometti and Tius argued that the Wagners' travel plans were not mentioned during the trial setting conference, and that all counsel agreed to the August 7, 2018 trial date during the trial setting conference. Strauss and Au Young did not dispute this.  They should have determined their clients' availability before the trial setting conference.  Had they raised the Wagners' travel schedule at the trial setting conference, the circuit court may well have agreed to Giacometti's and Tius's proposed October 2018 trial setting — the August 7, 2018 trial date selected by the circuit court was already three months past the outside date prescribed by former RCCH Rule 12(c)(2), and was the first trial setting for the case. The record contains no other information, such as the circuit court's trial calendar for late-2018 to early-2019, or other information about the court's availability for trial.

Giacometti and Tius also argued that the case was over three years old.  This, however, was due in part to their own failure to timely file a pretrial statement for their counterclaim.

Finally, Giacometti and Tius argued that the expired pretrial deadlines should not be continued.  They claim they did not name an expert appraiser in their final naming of witnesses (filed on May 7, 2018) because "the Wagners had not identified any replacement expert for [their appraiser] or even stated that they intended to do so" after their expert died in March 2018. The circuit court could have addressed this concern by continuing the trial date but not extending the pretrial deadlines.

Under these circumstances, the circuit court should not have prejudiced the Wagners because of their counsels' failure to adequately prepare for the trial setting conference.  Any prejudice to Giacometti and Tius from continuing the trial date could have been cured by not extending the pretrial deadlines.

7

We conclude that the circuit court abused its discretion by denying a continuance of the trial date.

### B.    Settlement Conference

The Wagners argue that a settlement conference date was not discussed at the trial setting conference, and they first received notice of the July 5, 2018 date for the settlement conference when they received the Order Setting Trial.  They would not be able to attend the settlement conference because they were supposed to be in Europe on July 5, 2018.

Au Young was also scheduled to be out of the country on July 5, 2018, and contacted the circuit court clerk to obtain alternative dates for the settlement conference soon after the Order Setting Trial was entered.  He did not ask the circuit court to reschedule the settlement conference, because he "could not obtain confirmation from [Strauss] for a new date."

Significantly, in addition to Giacometti's and Tius's memorandum in opposition stating they "would not oppose a short continuance of the trial[,]" it also stated:

> Mr. Giacometti and Ms. Tius are prepared to proceed with the scheduled July 5, 2018 settlement conference.  However, if the Wagners and Mr. Au Young will not be present at the settlement conference as indicated in the Motion to Continue and Reset, Mr. Giacometti and Ms. Tius do not want to engage in an exercise in futility.

Au Young could have immediately brought his travel conflict to the court's attention by filing a motion to continue the settlement conference.  The record does not indicate that Au Young asked Wakuzawa whether Giacometti and Tius would agree to reschedule the settlement conference but, in view of their desire to not "engage in an exercise in futility[,]" they may well not have opposed a continuance of the settlement conference to enable Au Young (and the Wagners) to attend in person.

Under the circumstances of this case — including Giacometti's and Tius's reticence to participate in a settlement conference in the absence of the Wagners and Au Young and their failure to show that they would be prejudiced by a continuance of

the settlement conference — we conclude it was an abuse of discretion for the circuit court to deny the motion to continue the settlement conference.

### II.  The Circuit Court Abused its Discretion by Entering the Order Imposing Sanctions

We review the Order Imposing Sanctions for abuse of discretion.  Dela Cruz v. Quemado, 141 Hawaiʻi 338, 344, 409 P.3d 742, 748 (2018).

The Order Imposing Sanctions was entered because of the Wagners' and their counsels' failure to comply with the settlement conference requirements in the Order Setting Trial. It (1) dismissed the Wagners' complaint without prejudice; and (2) entered the Wagners' default on Giacometti's and Tius's counterclaim.  The drastic sanctions of dismissal and default judgment are authorized only in extreme circumstances.  Rearden Fam. Tr. v. Wisenbaker, 101 Hawaiʻi 237, 254, 65 P.3d 1029, 1046 (2003) (citing W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co., 8 Haw. App. 354, 361, 802 P.2d 1203, 1207 (1990)). "[D]efaults and default judgments are not favored and . . . any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits."  Dela Cruz, 141 Hawaiʻi at 345, 409 P.3d at 749 (quoting Rearden Fam. Tr., 101 Hawaiʻi at 254, 65 P.3d at 1046). "[A]n order of dismissal cannot be affirmed absent deliberate delay, contumacious conduct, or actual prejudice[.]"  Erum v. Llego, 147 Hawaiʻi 368, 383, 465 P.3d 815, 830 (2020) (citation and emphasis omitted).

The Wagners' counsel did not promptly move to continue the settlement conference after entry of the Order Setting Trial. But Au Young did take steps to mitigate his unavailability by informing the circuit court, in his confidential settlement letter, that: he would be out of the country on July 5, 2018, and unable to personally attend the settlement conference; "The Hartford has made an offer to settle the Counterclaim"; a representative of The Hartford would be available by telephone to

discuss settlement of the counterclaim; Strauss would handle settlement discussions for the counterclaim on behalf of the Wagners; and Strauss "had full authority to settle the Counterclaim."

The record does not indicate, nor does the Order Imposing Sanctions recite, that the circuit court attempted to learn: whether Giacometti and Tius had made a demand to settle their counterclaim; the terms of The Hartford's offer to settle the counterclaim; Giacometti's and Tius's position on that offer; whether Giacometti and Tius were prepared to make a counteroffer at the settlement conference; whether there had been any demands or offers to settle the Wagner's claims; whether Strauss was prepared to make a demand at the settlement conference to settle the Wagners' claims; whether Wakuzawa was prepared to make an offer at the settlement conference to settle the Wagners' claims; any of the parties' respective settlement positions; or the status of the mediation.

The circuit court made no findings that: the settlement conference — even in the absence of the Wagners and Au Young — would have been "an exercise in futility" as predicted by Giacometti and Tius; but for the absence of the Wagners and Au Young, a settlement would likely have been reached; or the absence of the Wagners and Au Young actually and materially impeded productive settlement discussions.  Nor could the circuit court have reasonably so concluded, without making the inquiries listed in the previous paragraph.

"[T]he sanction of dismissal of a complaint with prejudice is one of last resort where lesser sanctions would not serve the interest of justice."  In re Blaisdell, 125 Hawaiʻi 44, 49, 252 P.3d 63, 68 (2011) (citation omitted).  Although the circuit court dismissed the Wagners' claims without prejudice, the dismissal could effectively have been with prejudice because the accompanying entry of the Wagners' default on Giacometti's and Tius's counterclaim could have preclusive effect on the Wagners' affirmative claims against Giacometti and Tius.  See Bremer v. Weeks, 104 Hawaiʻi 43, 53-54, 85 P.3d 150, 160-61

(2004) (discussing elements of claim preclusion and issue preclusion).

Under the circumstances of this case, we conclude that the circuit court abused its discretion by issuing the Order for Sanctions because lesser sanctions, such as assessing Wakuzawa's fees and Giacometti's and Tius's expenses incurred to attend the settlement conference, were available.

We need not address the Wagners' remaining point of error.

## CONCLUSION

For the foregoing reasons, we vacate: the Order Imposing Sanctions entered on August 13, 2018; the Order Granting Default Judgment and Order Granting Fees and Costs, both entered on December 3, 2018; and the Judgment entered on January 11, 2019.  We remand this case to the circuit court for further proceedings consistent with this memorandum opinion, without prejudice to any party moving for an award of attorneys' fees and costs at an appropriate time.

DATED:  Honolulu, Hawaiʻi, March 29, 2023.

On the briefs:

Steven D. Strauss,
Gary W. K. Au Young,
for Plaintiffs/
Counterclaim Defendants-
Appellants Charles David
Wagner and Jill Abigail
Wagner.

Bruce H. Wakuzawa,
Peter Knapman,
for Defendants/Counterclaimants-
Appellees Guido Giacometti and
Susan Tius.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge