<span style="color:red">**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000704**
**07-MAY-2026**
**08:10 AM**
**Dkt. 56 SO**</span>

NO. CAAP-24-0000704

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWARD HULS, Plaintiff-Appellant,
v.
LANZ DONG, Defendant-Appellee,
and DOES 1-10; and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-21-0000208)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Edward **Huls** sued Lanz **Dong** for injuries he claims to have sustained when Dong hit him with her car. The Circuit Court of the First Circuit granted Dong's motion to dismiss for failure to prosecute.[1] Huls appeals from the ***Final Judgment*** for Dong. We vacate and remand for further proceedings.

Huls, represented by counsel, sued Dong on February 23, 2021. He filed his pretrial statement on October 22, 2021. It identified several health care providers as witnesses, and stated: "The parties have conferred over numerous telephonic conferences and have, in good faith, considered the feasibility of settlement and alternative dispute resolution options. At this time, the parties are proceeding through the Court Annexed Arbitration Program [(**CAAP**)] and have scheduled an arbitration hearing date of February 4, 2022."

---

[1] The Honorable James S. Kawashima presided.

Huls's attorneys withdrew from his representation on November 25, 2022. No substitute counsel appeared. Nothing material happened until March 20, 2024, when Dong moved to dismiss for failure to prosecute under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(b).

Dong's motion revealed that the scheduled CAAP hearing didn't take place. The arbitrator obtained two extensions of time to submit an award, the last expiring on December 12, 2022. On January 25, 2024, Dong's counsel emailed the arbitrator and Huls to reschedule the arbitration. By letter dated February 27, 2024, counsel followed up with Huls to set a hearing date. A certified mail receipt shows the letter was delivered on March 1, 2024. Dong's motion stated that Huls did not respond to the email or the letter. Huls did not file an opposition to Dong's motion.

The motion was heard on July 10, 2024, at 9:00 a.m. Huls did not appear when the motion was called.

Dong's counsel stated: "Mr. Huls did send me a letter on April 8th, acknowledging that he had received my motion. He indicated he was going to retain new counsel and get back to me, and he never did."

After noting Huls's non-appearance and that no opposition had been filed, the circuit court orally granted the motion and recessed.

The case was recalled at 9:30 a.m., after Huls appeared. Dong's counsel was also present. Huls read "a one-page statement" to the court. He did not explain why he didn't reschedule the CAAP hearing or otherwise pursue his case. He asked for more time "until I have finished finalizing with my new attorney and counsel," whom he did not identify.

The circuit court stood on its ruling. A written order containing findings of fact and conclusions of law was entered on August 5, 2024. The Final Judgment was entered on September 26, 2024. This appeal followed.

Huls, now represented by counsel, contends the circuit court erred by granting the motion to dismiss. He challenges

2

findings of fact (**FOF**) nos. 6, 7, 10, and 12, and every conclusion of law (**COL**).

Conclusions of law are not binding on an appellate court, and are reviewed *de novo*. Cowan v. Exclusive Resorts PBL1, LLC, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025).

We review findings of fact under the *clearly erroneous* standard. Cowan, 156 Hawaiʻi at 272, 574 P.3d at 292. The circuit court found:

> 6. On January 25, 2024, [Dong] requested that [Huls] participate in a phone conference with the arbitrator assigned by the court-annexed arbitration program, in order to re-set this matter for an arbitration hearing.
>
> 7. [Huls] did not respond to [Dong]'s request.

FOF no. 6 is supported by Dong's Exhibit C, the January 25, 2024 email from his attorney to Huls and the CAAP arbitrator. FOF no. 7 is supported by Dong's Exhibit D, his attorney's February 27, 2024 follow-up letter to Huls about resetting the arbitration. Huls submitted no evidence he responded to the January 25, 2024 email. FOF nos. 6 and 7 are not clearly erroneous.

Huls does not challenge FOF no. 8:

> 8. On February 27, 2024, [Dong] again communicated with [Huls], to request that he participate in the court-annexed arbitration program and set the matter for an arbitration hearing. [Huls] did not respond to [Dong]'s request.

This unchallenged FOF is binding on appeal. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

Huls challenges FOF nos. 10 and 12:

> 10. On April 8, 2024, [Huls] communicated with [Dong], acknowledging that he received [Dong]'s Motion; that he would communicate again once he retained new counsel.
>
> . . . .
>
> 12. [Huls] failed to appear for the hearing when the case was called at 9:00 a.m. on July 10, 2024.

FOF no. 10 is consistent with representations made by Dong's counsel and Huls at the hearing on the motion to dismiss. FOF no. 12 is supported by the circuit court's statement during the hearing:  "Time is 9:02 a.m.  Plaintiff has failed to appear."  They are not clearly erroneous.

We review a dismissal under HRCP Rule 41(b) for abuse of discretion.  In re Blaisdell, 125 Hawaiʻi 44, 48, 252 P.3d 63, 67 (2011).  Dismissal of a complaint with prejudice is a "last resort where lesser sanctions would not serve the interest of justice."  Id. at 49, 252 P.3d at 68.  To justify involuntary dismissal, "the record must show [1] deliberate delay, [2] contumacious conduct or [3] actual prejudice."  Id.

**(1)**  The circuit court found, and the record supports, that the CAAP arbitration hearing was delayed more than two years — from February 4, 2022 (when it was originally set) until July 10, 2024 (the hearing on Dong's motion to dismiss).  But the record does not show that Huls deliberately delayed the arbitration.  The record also shows the first action Dong took to reset the arbitration was his counsel's email of January 25, 2024.  Under these circumstances, Dong was equally responsible for the delay.

**(2)**  "Contumacious conduct" means "willfully stubborn and disobedient conduct."  Blaisdell, 125 Hawaiʻi at 50, 252 P.3d at 69 (brackets omitted).  The circuit court did not find, nor does the record show, contumacious conduct by Huls.

**(3)**  "A dismissal with prejudice would not constitute an abuse of discretion where a plaintiff's deliberate delay causes actual prejudice to a defendant."  Blaisdell, 125 Hawaiʻi at 49, 252 P.3d at 68.  Dong argued "there is actual and substantial prejudice given the length of time that has passed since the accident.  After five years, memories fade, making it much more difficult for witnesses to recall events."  The argument was conclusory.  Dong did not offer evidence — such as a deposition transcript showing an eyewitness could not remember material events, or denials of credit or loan applications

4

because of the pending lawsuit — to show he was actually prejudiced by a CAAP or litigation delay.

  **(4)**  Finally:

> Because the interests of justice are best served by resolving a case on its merits, absent a clear record of delay or contumacious conduct, the careful exercise of judicial discretion requires that a trial court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice.

Blaisdell, 125 Hawaiʻi at 49, 252 P.3d at 68 (cleaned up).

  The record does not reflect that the circuit court considered less severe sanctions (such as imposing a deadline for completion of the CAAP arbitration) before dismissing Huls's lawsuit with prejudice.  Under the circumstances, we conclude the circuit court acted outside its discretion by granting Dong's motion to dismiss.

  The September 26, 2024 *Final Judgment* is vacated and this case is remanded for further proceedings.

  DATED: Honolulu, Hawaiʻi, May 7, 2026.

On the briefs:

Keith M. Kiuchi,
for Plaintiff-Appellant
Edward Huls.

Samantha Storm,
for Defendant-Appellee
Lanz Dong.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge