**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000697
20-AUG-2013
09:26 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

KAREN RYAN, Plaintiff/Appellant,
v.
TERRENCE D. PALMER, MARY LYNNE BOLAND, KAHANA MANOR AOAO,
Defendants/Cross-Claim Defendants/Appellees,

ALPHA EXECUTIVE SECURITY, INC., LOWSON AND ASSOCIATES,
Defendants/Cross-Claim Plaintiffs/Cross-Claim
Defendants/Appellees,

JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5,
DOE PARTNERSHIPS 1-5, DOE ENTITIES 1-5, AND
DOE GOVERNMENTAL UNITS 1-5,
Defendants/Appellees

NO. CAAP-12-0000697

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0791(1))

AUGUST 20, 2013

NAKAMURA, C.J., FOLEY AND GINOZA, JJ.

OPINION OF THE COURT BY FOLEY, J.

Plaintiff/Appellant Karen Ryan (Plaintiff) appeals from a July 17, 2012 final judgment entered in the Circuit Court of the Second Circuit[1] (circuit court) dismissing Plaintiff's complaint and entering judgment in favor of Defendants/Cross-Claim Defendants/Appellees Terrence D. Palmer, Mary Lynne Boland, and Kahana Manor AOAO; and Defendants/Cross-Claim Plaintiffs/Cross-Claim Defendants/Appellees Alpha Executive Security, Inc. and Lowson and Associates (collectively, Defendants).

## I. BACKGROUND

This appeal arises out of a tort lawsuit Plaintiff filed for injuries she allegedly suffered while in her apartment unit. On December 29, 2010, Plaintiff filed a complaint asserting various tort claims against Defendants, and the parties engaged in discovery between March and August 2011. On July 29, 2011, Plaintiff filed a request to admit the case into the Court Annexed Arbitration Program (CAAP). The circuit court granted the request on August 30, 2011.

On September 20, 2011, the circuit court entered an "Order Of Dismissal" dismissing Plaintiff's complaint pursuant to Rule 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH). RCCH Rule 12(q) states:

> (q) Dismissal for Want of Prosecution. An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed[.] . . . Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

At the time the circuit court entered its dismissal order, eight months and twenty-two days had passed since the complaint's filing, and Plaintiff had not submitted a pretrial statement.

---

[1] The Honorable Rhonda I.L. Loo presided.

On September 30, 2011, Plaintiff's attorney Joseph T. Toma (Toma) filed a "Motion To Set Aside Order Of Dismissal" and a supporting declaration by Toma. Toma stated he had "just overlooked" the pretrial statement and noted the case had been admitted into the CAAP, and he requested additional time to file a pretrial statement. The circuit court orally denied Plaintiff's motion at a hearing on October 27, 2011.

The circuit court entered its "Order Denying Plaintiff's Motion To Set Aside Order of Dismissal, Filed 09/30/11" on November 4, 2011, and Plaintiff filed a motion for reconsideration on November 14, 2011. The motion included a declaration by Toma's co-counsel, Thomas Kolbe, stating he had been in the process of closing his private law practice and had miscommunicated with Toma regarding the pretrial statement. The circuit court held a hearing on December 6, 2011, concluding in its oral denial of Plaintiff's motion. The circuit court entered its order denying the motion for reconsideration on December 22, 2011 and its final judgment dismissing Plaintiff's complaint on July 17, 2012. The parties assume, and we agree, that the circuit court's dismissal was with prejudice. See Hawaiʻi Rules of Civil Procedure (HRCP) Rule 41(b)(3).[2]

---

[2]     HRCP Rule 41(b) states, in pertinent part:

> **(b) Involuntary dismissal: Effect thereof.**
>
> . . . .
>
> (2) For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

3

On appeal, Plaintiff contends the circuit court abused its discretion when it denied Plaintiff's "Motion To Set Aside Order Of Dismissal" and her motion for reconsideration.

## II. STANDARD OF REVIEW

"[W]here a court sua sponte issues an order of dismissal for want of prosecution, its action is reviewable on appeal for abuse of discretion." Compass Dev., Inc. v. Blevins, 10 Haw. App. 388, 397-98, 876 P.2d 1335, 1340 (1994).

## III. DISCUSSION

Preliminarily, the parties disagree as to whether case law regarding dismissals under HRCP Rule 41(b)(2) applies to the circuit court's dismissal based on RCCH Rule 12(q). In interpreting the circuit court's authority under HRCP Rule 41(b)(2), our courts have cautioned that a dismissal with prejudice is a "severe sanction" of "last resort" that cannot be affirmed "absent deliberate delay, contumacious conduct, or actual prejudice." In re Blaisdell, 125 Hawai'i 44, 49, 252 P.3d 63, 68 (2011); see also Shasteen, Inc. v. Hilton Hawaiian Village Joint Venture, 79 Hawai'i 103, 107, 899 P.2d 386, 390 (1995). Defendants contend authorities regarding HRCP Rule 41(b) are inapplicable because RCCH 12(q) is a separate and distinct rule permitting dismissal. We disagree.

RCCH Rule 12(q)'s language is patterned after HRCP Rule 41(b)(2). Both rules provide that a court may dismiss an action sua sponte for failure to prosecute, and the rules contain substantially identical language regarding the manner of seeking relief from each section. See HRCP Rule 41(b)(2); RCCH Rule 12(q) ("Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten [(10)] days from the date of the order of

4

dismissal."). RCCH Rule 32[3] further provides that the RCCH rules cannot conflict with the HRCP rules and that the latter prevails to the extent there is any conflict. Defendants' interpretation of RCCH Rule 12(q) as authorizing a circuit court to sua sponte dismiss an action with prejudice even "absent deliberate delay, contumacious conduct, or actual prejudice" puts the rule in conflict with the HRCP by expanding the circuit court's authority beyond that which it possesses under HRCP Rule 41(b).

Defendants rely primarily on Lim v. Harvis Const., Inc., 65 Haw. 71, 647 P.2d 290 (1982) in support of their argument that HRCP Rule 41(b) and RCCH Rule 12(q) are distinct rules. At the time Lim was decided, the predecessor rule to the current RCCH Rule 12(q) specified that the circuit court could dismiss a case if there was a default in filing a statement of readiness. See Rule 12(f) of the Rules of the Circuit Courts (RCC).[4] Because the plaintiff in Lim had filed a timely statement of readiness, the supreme court concluded RCC Rule 12(f) did not apply, and the dismissal must have been made pursuant to HRCP Rule 41(b). Lim, 65 Haw. at 72-73, 647 P.2d at 291-92. The court accordingly focused its analysis solely on

---

[3]     RCCH Rule 32 states: "To the extent that there is any conflict between these rules and the Hawai'i Rules of Civil Procedure or the Hawai'i Rules of Penal Procedure the latter shall prevail."

[4]     In the time period relevant in Lim, RCC Rule 12(f) stated:

> (f) Where no statement of readiness has been filed within one year after a complaint has been filed or within any extension granted by the court, the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections are filed within 10 days after receipt of such notice. If objections are not filed within said 10-day period or any extension granted by the court, the case shall stand dismissed with prejudice without the necessity of an order of dismissal being entered therein. Where objections are filed within said 10-day period or any extension granted by the court, the court shall hear said objections upon notice and determine whether the case should be dismissed.

whether the dismissal was appropriate under HRCP Rule 41(b). Therefore, Lim's reference to GLA, Inc. v. Spengler, 1 Haw. App. 647, 623 P.2d 1283 (1981) and its treatment of dismissals under RCC Rule 12(f) was dicta and is not controlling.

More directly on point is the supreme court's decision in Bagalay v. Lahaina Restoration Found., 60 Haw. 125, 132-33, 588 P.2d 416, 421-22 (1978), which the court in Lim also cited. Unlike in Lim, in Bagalay the plaintiff's case was specifically dismissed under RCC Rule 12(f) for failure to file a timely statement of readiness. In analyzing the propriety of this dismissal, the supreme court applied case law on dismissals pursuant to HRCP Rule 41(b). Id. at 131-33, 588 P.2d at 421-22. Given that RCCH Rule 12(q)'s language and substance more closely mirrors HRCP Rule 41(b) than RCC Rule 12(f) did, Bagalay's application of the HRCP Rule 41(b) standards to dismissals under RCC Rule 12(f) is particularly persuasive. We conclude Bagalay controls our analysis here.

Applying the factors taken into consideration when determining the propriety of a dismissal under HRCP Rule 41(b), Plaintiff contends the circuit court's dismissal with prejudice under these circumstances was an abuse of discretion. We agree.

Whether a trial court exercised sound discretion in dismissing a case with prejudice turns on the facts of each case. Bagalay, 60 Haw. at 134, 588 P.2d at 422. Here, Plaintiff filed her complaint on December 29, 2010, and Defendants filed their answers in February 2011. The record shows that from March 2011 through August 2011, the parties actively engaged in discovery, taking depositions and sending subpoenas, interrogatories, and requests for admission. Pursuant to Plaintiff's request, the case was then admitted into the CAAP on August 30, 2011.[5]

---

[5]     Defendants correctly assert that Plaintiff was obligated to follow the RCCH Rules even though the case was placed into the CAAP. Hawai'i Arbitration Rules Rule 7 provides in relevant part:

Plaintiff was not dilatory in any respect other than her failure to file a pretrial statement. In summary, the record does not show a deliberate attempt to delay or actions rising to the level of contumacious conduct, and the circuit court did not make any such finding. See Blaisdell, 125 Hawaiʻi at 49-51, 252 P.3d at 68-70; Shasteen, 79 Hawaiʻi at 390-92, 899 P.2d at 107-09.

Moreover, the dismissal cannot be upheld due to actual prejudice to Defendants. Blaisdell, 125 Hawaiʻi at 50, 252 P.3d at 69. Nothing in the record shows prejudice. Defendants did not claim actual prejudice at any point, and they did not refute Plaintiff's argument that they suffered no prejudice from the delay.

"[A]bsent a clear record of delay or contumacious conduct, the careful exercise of judicial discretion requires that a trial court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." Id. at 49, 252 P.3d at 68 (internal quotation marks and brackets omitted). The circuit court did not provide any explanation here. "The power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors dispositions of litigation on its merits." Shasteen, 79 Hawaiʻi at 107, 899 P.2d at 390 (internal quotation marks omitted). Based on the record, we conclude the circuit court abused its discretion in imposing dismissal with prejudice solely for Plaintiff's failure to file a

---

Rule 7. RELATIONSHIP TO CIRCUIT COURT JURISDICTION AND RULES; FORM OF DOCUMENTS.

. . . .

(E) Circuit Court Rule 12(q), and all rules of court or of civil procedure requiring the filing of pleadings, remain in effect notwithstanding the fact that a case is under the [CAAP].

Therefore, the case's placement in the CAAP is relevant only to the extent it indicates an absence of deliberate delay or contumacious conduct by Plaintiff.

timely pretrial statement and without any consideration on the record of less severe sanctions.

## IV.  CONCLUSION

We vacate the Circuit Court of the Second Circuit's September 20, 2011 "Order Of Dismissal"; November 4, 2011 "Order Denying Plaintiff's Motion To Set Aside Order of Dismissal, Filed 09/30/11"; December 22, 2011 "Order Denying Plaintiff's Motion To Reconsider Order Denying Motion To Set Aside Order Of Dismissal, Filed 11/14/11"; and July 17, 2012 "Final Judgment As To All Claims And Parties."  We remand this case for further proceedings consistent with this opinion.

On the briefs:

Matthew S. Kohm
for Plaintiff-Appellant
Karen Ryan.

Sidney K. Ayabe
Ryan I. Inouye
(Ayabe, Chong, Nishimoto, Sia
& Nakamura) for Defendants/
Cross-Claim Defendants/Appellees
Mary Lynne Boland and
Kahana Manor AOAO.

Stefan M. Reinke
Malia E. Schreck
(Lyons, Brandt, Cook & Hiramatsu)
for Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant/Appellee
Lowson and Associates.