**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000390
28-OCT-2024
07:59 AM
Dkt. 110 SO**

NO. CAAP-21-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NATIONSTAR MORTGAGE LLC, Plaintiff-Appellant,
v.
DANIEL KALEOALOHA KANAHELE; THE ESTATE OF MARCUS C. KANAHELE;
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAII; UNITED STATES
OF AMERICA; FIA CARD SERVICES, N.A.; and GLORIA KANAHELE,
PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCUS C. KANAHELE,
Defendants-Appellees,
and
DOES 2-20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC141000584)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

**Nationstar** Mortgage LLC appeals from the May 27, 2021
**Judgment** entered by the Circuit Court of the Second Circuit.[1]
Nationstar challenges the May 27, 2021 **"Order** Granting in Part
and Denying in Part Plaintiff's Motion To: (1) Set Aside Order of
Dismissal Filed June 26, 2020, and Re-set Trial Deadlines; or
(2) Alternatively, to Amend the Order Entered June 26, 2020,
Filed March 9, 2021."  We affirm.

Nationstar filed a residential mortgage foreclosure
complaint against Daniel Kaleoaloha **Kanahele** and others on

---

[1]     The Honorable Peter T. Cahill presided.

October 7, 2014.  The circuit court granted Nationstar's motion for summary judgment and decree of foreclosure and entered a judgment against all defendants.  Kanahele appealed.  We vacated the judgment, holding that Nationstar did not show it was entitled to enforce the Note when its complaint was filed as required by Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017).  Nationstar Mortg. LLC v. Kanehele, No. CAAP-16-0000319, 2018 WL 2944168, at *9 (Haw. App. June 12, 2018) (mem. op.), aff'd, 144 Hawai'i 394, 396, 443 P.3d 86, 88 (2019).

Kanahele applied for certiorari.  The supreme court affirmed our conclusion on the standing issue, but held (a) we erred by concluding that Nationstar's business records were admissible under the business records exception to the hearsay rule, and (b) we should have clarified that the circuit court must address Kanahele's affirmative defenses because Nationstar was a *holder*, not a *holder in due course*.  Nationstar Mortg. LLC v. Kanahele, 144 Hawai'i 394, 396, 443 P.3d 86, 88 (2019).  The supreme court remanded the case to the circuit court and its judgment on appeal was entered on June 4, 2019.

Nationstar took no action after the remand.  On June 26, 2020, the circuit court entered an **"Order of Dismissal** (No Activity)" and electronically served Nationstar's counsel of record.  The order stated the case was dismissed with prejudice, but could be reinstated for good cause by motion filed within ten days.  Hawai'i Rules of Civil Procedure (**HRCP**) Rule 41(b)(2). Nationstar moved to set aside the Order of Dismissal on March 9, 2021.  The motion was heard on April 21, 2021.  The circuit court declined to reinstate the case, but granted Nationstar's request that the dismissal be without prejudice.  The written Order and the Judgment were entered on May 27, 2021.  This appeal followed. We review for abuse of discretion.  Ryan v. Palmer, 130 Hawai'i 321, 323, 310 P.3d 1022, 1024 (App. 2013).

Nationstar's briefing suggests that the circuit court is to blame for Nationstar's omissions. Nationstar first argues it did not receive notice of the Order of Dismissal because the order "was inexplicably and inexcusably <u>not</u> served" on its "primary counsel," David B. **Rosen**. Nationstar's argument is not persuasive. Rosen was not served with the Order of Dismissal because he did not file a notice of appearance in the Judiciary Electronic Filing System (**JEFS**) until March 9, 2021, almost nine months after the Order of Dismissal was entered.

Nationstar's foreclosure complaint was signed by Lloyd T. **Workman** and electronically filed on October 7, 2014. Workman became a party in JEFS on that date. The June 26, 2020 Order of Dismissal was electronically served on Workman on June 26, 2020, consistent with Hawai'i Electronic Filing and Service Rules (**HEFS**) Rule 6.1.

Rosen had wet-ink signed Nationstar's January 13, 2015 memorandum opposing Kanahele's motion to dismiss; the document was conventionally filed ex officio; Rosen did not file a notice of appearance in JEFS. Rosen also wet-ink signed many other documents conventionally filed and served between April 21, 2015 and April 24, 2017. He did not file a JEFS notice of appearance with those documents; the record does not show he filed an HEFS Rule 6.1 statement of consent and active email address so he could be electronically served by JEFS if he did not have a login and password.

Effective October 28, 2019, Rosen had to register as a JEFS User and file all documents electronically. HRCP Rule 1.1. He did not file a notice of appearance. He did not add himself as a party to be served in JEFS until March 9, 2021, when he electronically filed the motion to set aside the Order of Dismissal.

Nationstar argues it includes multiple attorneys on its cases for various reasons, and while it "certainly does not expect the Circuit Court to know which attorney is handling what

aspect of a foreclosure action" "it is reasonable to expect that if there are attorneys identified in its case caption, that all of those attorneys will receive notices (albeit electronically)." We disagree. Other than Workman, none of the attorneys listed in Nationstar's captions — Rosen, George C. Alejandro, Zachary K. Kondo, David E. McAllister, Justin S. Moyer, Andrew R. Tellio, or Anna T. Valiente, entered electronic notices of appearance in JEFS. That is why none of them were listed on the JEFS Notice of Electronic Filing (**NEF**) for the Order of Dismissal. An attorney who does not enter their appearance in JEFS shouldn't expect to receive an NEF. The circuit court's failure to serve the June 26, 2020 Order of Dismissal on Rosen or any of the Aldridge Pite attorneys besides Workman was neither inexplicable nor inexcusable.

Nationstar argued in circuit court that "due to COVID-19 stay at home orders, typical Aldridge Pite procedures by which Mr. Workman (or his paralegal) might have forwarded the Order of Dismissal to Mr. Rosen were not in practice." Nationstar argues on appeal that the Order of Dismissal "was entered in the beginning months of a global pandemic of COVID-19"[2] and Workman was "working from home and did not yet have the same procedures in place that had existed previously." But Nationstar's motion to set aside blamed the circuit court for making a mistake, arguing that "Mr. Rosen . . . should have been served with notice of the Dismissal Order, but was not." On appeal Nationstar continues to blame the circuit court by arguing that "the Circuit Court's Order of Dismissal was not properly

---

[2] The Order of Dismissal was entered three months after then-Governor David Y. Ige declared a state of emergency in Hawaiʻi on March 5, 2020. See Order, In re Judiciary's Response to the COVID-19 Outbreak, SCMF-20-0000152 (Haw. Mar. 16, 2020).

served."  The circuit court is not to blame for Nationstar's omissions.[3]

There was no clerical mistake warranting relief under HRCP Rule 60(a); Rosen did not receive an NEF because he never entered an appearance in JEFS.  Nor does the record establish excusable neglect or any other reason justifying relief from the Order of Dismissal under HRCP Rule 60(b)(1) or (6).  Workman, the only Aldridge Pite attorney who registered to receive NEFs for the case, was served with the Order of Dismissal.  Nationstar did not move to reinstate within the time prescribed by HRCP Rule 41(b)(2) and stated in the Order of Dismissal.  The circuit court acted within its discretion by declining to reinstate Nationstar's foreclosure action.

Nationstar argues the circuit court abused its discretion because Nationstar might not be legally able to refile its foreclosure action.  That issue was not raised with the circuit court.  Nationstar specifically asked the circuit court to alternatively amend the Order of Dismissal to be without prejudice.  It represented that it "will ensure that it will promptly commence a new foreclosure action[.]"  The circuit court granted that relief.  The reply brief's argument that it was "unreasonable for the circuit court to assume Nationstar would be able to refile for foreclosure without obtaining briefing or argument on this issue or crafting specific relief" is not persuasive.  We will not consider issues not raised below.  "It is unfair to the trial court to reverse on a ground that no one even suggested might be error.  It . . . does not comport with the concept of an orderly and efficient method of administration of justice."  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 248, 948 P.2d 1055, 1089 (1997).

---

[3]	Rosen, who signed Nationstar's opening brief, is cautioned about making unsubstantiated allegations that the circuit court had "a bias against mortgage lenders" and characterizing the circuit court's decision as "abusive."  See Hawai'i Rules of Professional Conduct Rule 3.5(b) and Comment [2].

The "Order Granting in Part and Denying in Part Plaintiff's Motion To: (1) Set Aside Order of Dismissal Filed June 26, 2020, and Re-set Trial Deadlines; or (2) Alternatively, to Amend the Order Entered June 26, 2020, Filed March 9, 2021" and the "Judgment[,]"[4] both entered by the circuit court on May 27, 2021, are affirmed.

DATED: Honolulu, Hawaiʻi, October 28, 2024.

On the briefs:

David B. Rosen,
for Plaintiff-Appellant
Nationstar Mortgage LLC.

Kalama M. Lui-Kwan,
for Plaintiff-Appellant
Nationstar Mortgage LLC.

Sean C. Aronson,
Lance D. Collins,
for Defendant-Appellee
Daniel Kaleoaloha Kanahele.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[4] The May 27, 2021 Judgment was not an adjudication on the merits.