<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000390
31-OCT-2024
08:32 AM
Dkt. 115 AMSDO**</span>

NO. CAAP-21-0000390

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NATIONSTAR MORTGAGE LLC, Plaintiff-Appellant,
v.
DANIEL KALEOALOHA KANAHELE; THE ESTATE OF MARCUS C. KANAHELE;
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAII; UNITED STATES
OF AMERICA; FIA CARD SERVICES, N.A.; and GLORIA KANAHELE,
PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCUS C. KANAHELE,
Defendants-Appellees,
and
DOES 2-20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC141000584)

**AMENDED SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

**Nationstar** Mortgage LLC appeals from the May 27, 2021 **Judgment** entered by the Circuit Court of the Second Circuit.[1] Nationstar challenges the May 27, 2021 **"Order** Granting in Part and Denying in Part Plaintiff's Motion To: (1) Set Aside Order of Dismissal Filed June 26, 2020, and Re-set Trial Deadlines; or (2) Alternatively, to Amend the Order Entered June 26, 2020, Filed March 9, 2021." We affirm.

Nationstar filed a residential mortgage foreclosure complaint against Daniel Kaleoaloha **Kanahele** and others on

---

[1] The Honorable Peter T. Cahill presided.

October 7, 2014.  The complaint was signed by attorney Lloyd T. **Workman**.  The circuit court granted Nationstar's motion for summary judgment and decree of foreclosure and entered a judgment against all defendants.  Kanahele appealed.  We vacated the judgment, holding that Nationstar did not show it was entitled to enforce the Note when its complaint was filed as required by Bank of America, N.A. v. Reyes-Toledo, 139 Hawai‘i 361, 390 P.3d 1248 (2017).  Nationstar Mortg. LLC v. Kanehele, No. CAAP-16-0000319, 2018 WL 2944168, at *9 (Haw. App. June 12, 2018) (mem. op.), aff'd, 144 Hawai‘i 394, 443 P.3d 86 (2019).

Kanahele applied for certiorari.  The supreme court affirmed our conclusion on the standing issue, but held we erred by concluding that Nationstar's business records were admissible under the business records exception to the hearsay rule, and we should have clarified that the circuit court must address Kanahele's affirmative defenses because Nationstar was a *holder*, not a *holder in due course*.  Nationstar Mortg. LLC v. Kanahele, 144 Hawai‘i 394, 396, 443 P.3d 86, 88 (2019).  The supreme court remanded the case to the circuit court and its judgment on appeal was entered on June 4, 2019.

Nationstar took no action after the remand.  On June 26, 2020, the circuit court entered an **"Order of Dismissal (No Activity)"** and electronically served Workman.  The order stated the case was dismissed with prejudice, but could be reinstated for good cause by motion filed within ten days.  Hawai‘i Rules of Civil Procedure (**HRCP**) Rule 41(b)(2).

On March 9, 2021 Nationstar moved to set aside the Order of Dismissal or, alternatively, to amend the dismissal to be without prejudice.  The motion was heard on April 21, 2021.  The circuit court declined to reinstate the case, but granted Nationstar's request that the dismissal be without prejudice.  The Order and the Judgment were entered on May 27, 2021.  This appeal followed.  We review for abuse of discretion.  Ryan v. Palmer, 130 Hawai‘i 321, 323, 310 P.3d 1022, 1024 (App. 2013).

Nationstar's briefing suggests the circuit court is to blame for Nationstar's omissions. Nationstar argues it did not receive notice of the Order of Dismissal because it "was inexplicably and inexcusably <u>not</u> served" on Nationstar's "primary counsel," David B. **Rosen**. The argument is not persuasive. On October 31, 2019, the supreme court entered its Second Amended Order Amending the Hawaiʻi Rules of Civil Procedure. <u>In re Haw. Rules of Civ. Proc.</u>, SCRU-11-0000051 (Haw. Oct. 31, 2019). New HRCP Rule 1.1 required that "each attorney representing a party to a case maintained in the Judiciary Information Management System (JIMS) shall register as a Judiciary Electronic Filing and Service System (JEFS) User and shall file all documents electronically." Amended HRCP Rule 1(c) provided: "Documents filed and notices given in accordance with the Hawaiʻi Electronic Filing and Service Rules shall be deemed to comply with the . . . service requirements of any part of these Rules." Hawaiʻi Electronic Filing and Service Rules Rule 6.1 provided: "The Notice of Electronic Filing automatically generated by JEFS [the Judiciary Electronic Filing and Service System] and JIMS [the Judiciary Information Management System] constitutes service of the electronically filed document to JEFS Users."

The new and amended rules took effect <u>nunc pro tunc</u> October 28, 2019. <u>In re Haw. Rules of Civ. Proc.</u>, SCRU-11-0000051 (Haw. Oct. 31, 2019). On March 31, 2020, Kanahele's attorney electronically filed a notice of address change. The Notice of Electronic Filing (**NEF**) for the notice of address change shows service on Workman — the attorney who signed Nationstar's complaint — as does the June 26, 2020 NEF for the Order of Dismissal. Rosen was not served with notice of address change or the Order of Dismissal because he did not file an appearance in JEFS until March 9, 2021, almost nine months after the June 26, 2020 Order of Dismissal was entered.

Nationstar argues it includes multiple attorneys on its cases for various reasons, and while it "certainly does not

expect the Circuit Court to know which attorney is handling what aspect of a foreclosure action" "it is reasonable to expect that if there are attorneys identified in its case caption, that all of those attorneys will receive notices (albeit electronically)." We disagree. None of the attorneys listed in Nationstar's captions entered appearances in JEFS for the case, which was maintained in JIMS. After October 28, 2019, it was not reasonable for an attorney who didn't register as a JEFS user in a JIMS-maintained case to expect to receive an NEF. The circuit court's failure to serve the June 26, 2020 Order of Dismissal on Rosen or any of the Aldridge Pite attorneys besides Workman was neither inexplicable nor inexcusable.

Nationstar argued in circuit court that "due to COVID-19 stay at home orders, typical Aldridge Pite procedures by which Mr. Workman (or his paralegal) might have forwarded the Order of Dismissal to Mr. Rosen were not in practice." Nationstar argues on appeal that the Order of Dismissal "was entered in the beginning months of a global pandemic of COVID-19" and Workman was "working from home and did not yet have the same procedures in place that had existed previously." But HRCP Rule 1.1, which required each attorney representing a party in a JIMS-maintained case to register as a JEFS user in the case, took effect more than four months before March 5, 2020, the date then-Governor David Y. Ige declared a state of emergency due to the COVID-19 pandemic. See Order, In re Judiciary's Response to the COVID-19 Outbreak, SCMF-20-0000152 (Haw. Mar. 16, 2020). The circuit court is not to blame for attorneys not entering appearances in JEFS before or after Governor Ige's emergency order was issued.

There was no clerical mistake warranting relief under HRCP Rule 60(a); nor does the record establish excusable neglect or any other reason justifying relief from the Order of Dismissal under HRCP Rule 60(b)(1) or (6). Workman was served with the Order of Dismissal. Nationstar did not move to reinstate within

the time prescribed by HRCP Rule 41(b)(2) and stated in the Order of Dismissal. Under these circumstances the circuit court acted within its discretion by declining to reinstate Nationstar's foreclosure action.[2]

Nationstar argues the circuit court abused its discretion because Nationstar might not be legally able to refile its foreclosure action. That argument was not made to the circuit court. Rather, Nationstar specifically asked the court to amend the Order of Dismissal to be without prejudice. It represented that it "will ensure that it will promptly commence a new foreclosure action[.]" The court granted that relief. "It is unfair to the trial court to reverse on a ground that no one even suggested might be error. It . . . does not comport with the concept of an orderly and efficient method of administration of justice." Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 248, 948 P.2d 1055, 1089 (1997).

The "Order Granting in Part and Denying in Part Plaintiff's Motion To: (1) Set Aside Order of Dismissal Filed June 26, 2020, and Re-set Trial Deadlines; or (2) Alternatively, to Amend the Order Entered June 26, 2020, Filed March 9, 2021" and the "Judgment[,]" both entered by the circuit court on May 27, 2021, are affirmed.

DATED: Honolulu, Hawaiʻi, October 31, 2024.

On the briefs:

David B. Rosen,
for Plaintiff-Appellant
Nationstar Mortgage LLC.

Kalama M. Lui-Kwan,
for Plaintiff-Appellant
Nationstar Mortgage LLC.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2] Rosen, who signed Nationstar's opening brief, is cautioned about making unsubstantiated allegations that the circuit court had "a bias against mortgage lenders" and characterizing the circuit court's decision as "abusive." See Hawaiʻi Rules of Professional Conduct Rule 3.5(b) and Comment [2].

Sean C. Aronson,
Lance D. Collins,
for Defendant-Appellee
Daniel Kaleoaloha Kanahele.