**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000435**
**18-NOV-2024**
**08:03 AM**
**Dkt. 93 SO**

NO. CAAP-21-0000435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AURORA LOAN SERVICES LLC, Plaintiff-Appellee,
v.
MICHAEL JON SZYMANSKI, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS
NOMINEE FOR COUNTRYWIDE MORTGAGE VENTURES, LLC DBA WESTERN
PARADISE FINANCIAL; and WAILEA COMMUNITY ASSOCIATION,
Defendants-Appellees,
and
DOES 1-20, inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC101000507)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Michael Jon **Szymanski** appeals from the April 30, 2021
**Amended Judgment** entered by the Circuit Court of the Second
Circuit.[1]  We affirm the July 5, 2017 "Order Granting Plaintiff's
Non-Hearing Motion to Clarify Order of Dismissal" (**Order No. 1**)
and the April 14, 2021 "Amended Findings of Fact, Conclusions of
Law and Order Denying Defendant Szymanski's Non-Hearing Motion to
Set Aside the 7/5/2017 Order Granting Plaintiff's Non-Hearing
Motion to Clarify Order of Dismissal" (**Order No. 2**).  But we
reverse the April 6, 2021 **Judgment** for **Aurora** Loan Services LLC

---

[1]      The Honorable Peter T. Cahill presided.

and the Amended Judgment because Aurora's foreclosure claim was never adjudicated on the merits.

Aurora filed a foreclosure complaint against Szymanski on August 11, 2010.  Attached were copies of a promissory note and mortgage for property in Wailea, Maui, and a December 19, 2008 notice of default mailed to Szymanski at a Salt Lake City, Utah address.

A return purporting to show personal service on Szymanski at the Wailea address was filed on September 8, 2010. The return was not acknowledged; the process server wrote: "Refused to sign — very uncooperative[.]"  Szymanski's default was entered on October 6, 2010.

Aurora did not file a pretrial statement.  On November 3, 2011, an **Order of Dismissal** was entered under Rule 12(q) of the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**).[2]  Aurora did not move to set aside the Order of Dismissal.  No judgment was entered.

On June 20, 2017, Aurora moved for clarification that the Order of Dismissal was without prejudice.  The motion was served on Szymanski by mail to the Wailea address.  Order No. 1 granting Aurora's motion was entered on July 5, 2017.

We take judicial notice[3] that **Deutsche Bank** Trust Company Americas filed a foreclosure complaint against Szymanski on January 11, 2018.  Deutsche Bank claimed to be the holder of Szymanski's note and the assignee of the mortgage on the Wailea property.

Szymanski moved to set aside Order No. 1 on December 2, 2019.  He signed a declaration stating he was never served with Aurora's complaint or its motion for clarification.  He submitted copies of account statements from 2017 that had been mailed to him in Utah to show Aurora knew where he lived.  An evidentiary hearing was held on October 23, 2020.  The Judgment was entered

---

[2]     The Honorable Shackley F. Raffetto presided.

[3]     <u>See</u> Rule 201, Hawaii Rules of Evidence.

on April 6, 2021. Order No. 2 denying Szymanski's motion to set aside was entered on April 14, 2021. The Amended Judgment was entered on April 30, 2021. This appeal followed.

Szymanski states eight overlapping points of error. The primary issue is whether the circuit court erred by clarifying that the Order of Dismissal was without prejudice. We review for abuse of discretion. Ryan v. Palmer, 130 Hawaiʻi 321, 323, 310 P.3d 1022, 1024 (App. 2013).

RCCH Rule 12(q) (2011) provided:

> **Dismissal for want of prosecution.** An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c). Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

Former RCCH Rule 12(q) didn't specify whether a dismissal for failure to file a pretrial statement was with or without prejudice. The Order of Dismissal didn't state whether the dismissal was with or without prejudice. The record does not show "a deliberate attempt to delay or actions [by Aurora] rising to the level of contumacious conduct, and the circuit court did not make any such finding." Ryan, 130 Hawaiʻi at 324, 310 P.3d at 1025. No judgment was entered on the Order of Dismissal. Under these circumstances, the matter was not finally adjudicated on the merits, and the dismissal was without prejudice. Saplan v. U.S. Bank Nat'l Ass'n, 154 Hawaiʻi 181, 188-89, 549 P.3d 266, 273-74 (2024). The circuit court did not abuse its discretion by clarifying that the Order of Dismissal was entered without prejudice. However, the circuit court erred by entering the Judgment and the Amended Judgment because there was no adjudication on the merits of Aurora's foreclosure claim.

Szymanski argues his default should not have been entered because he was never served with Aurora's foreclosure complaint. He is not prejudiced by the entry of default because

Aurora's claim was never adjudicated on the merits and we are reversing the Judgment and Amended Judgment.

Szymanski argues the dismissal without prejudice prejudiced him because he has to defend against Deutsche Bank's foreclosure action. The argument is not persuasive. Having to defend a lawsuit without the benefit of res judicata for a claim that was never decided on the merits is not prejudice. Cf. Chen v. Mah, 146 Hawaiʻi 157, 180 n.28, 457 P.3d 796, 819 n.28 (2020) ("The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.").

Szymanski's argument that he was prejudiced by "Aurora's unreasonable and ridiculously-long 6 years of delay" is also not persuasive. There is no prejudice because Szymanski retained whatever defenses he may have had against Aurora to assert against Deutsche Bank, including laches.

Szymanski's other points of error lack merit. We affirm the July 5, 2017 "Order Granting Plaintiff's Non-Hearing Motion to Clarify Order of Dismissal" and the April 14, 2021 "Amended Findings of Fact, Conclusions of Law and Order Denying Defendant Szymanski's Non-Hearing Motion to Set Aside the 7/5/2017 Order Granting Plaintiff's Non-Hearing Motion to Clarify Order of Dismissal[.]" The April 6, 2021 Judgment and the April 30, 2021 Amended Judgment are reversed because Aurora's foreclosure claim was never adjudicated on the merits.

DATED: Honolulu, Hawaiʻi, November 18, 2024.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
for Plaintiff-Appellee
Aurora Loan Services LLC.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

4