**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000594
23-MAY-2025
08:04 AM
Dkt. 55 SO**

NO. CAAP-22-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN
HOME MORTGAGE ASSETS TRUST 2007-3 MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-3, Plaintiff-Appellant,
v.
MAUI PAIPALA PLACE, LLC; CHILD SUPPORT ENFORCEMENT AGENCY, STATE
OF HAWAIʻI; FIA CARD SERVICES, N.A., Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS
1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC171000151)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal arises from the court clerk's dismissal of
a lender's foreclosure complaint with prejudice, following the
court's denial of a motion to set aside the dismissal that was

filed outside the ten-day deadline for such motions.  We vacate and remand.

Plaintiff-Appellant Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage-Backed Pass-Through Certificates, Series 2007-3 (**DB**) appeals from the Circuit Court of the Second Circuit's (**Circuit Court**)[1] September 13, 2022 "Findings of Fact, Conclusions of Law [(**COLs**)], and Order Denying [**DB**]'s [Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)[2]] Motion for Reconsideration" (**Order Denying Reconsideration and Rule 60(b) Relief**).

On appeal, DB contends the Circuit Court abused its discretion by refusing to reconsider dismissal with prejudice: **(1)** by concluding DB waived its challenge to the post-judgment order denying the motion to set aside the clerk's dismissal by not appealing the Final Judgment, and that post-judgment relief under HRCP Rule 60(b)(6)[3] did not apply; **(2)** by concluding DB's pre-judgment motion to set aside dismissal was untimely under former Rule 12(q) of the Rules of the Circuit Courts of the

---

[1]     The Honorable Kirstin M. Hamman presided.

[2]     DB's motion for reconsideration, filed after the May 11, 2022 Final Judgment, cited HRCP Rule 60(b); and the COLs challenged on appeal rejected relief under HRCP Rule 60(b)(1) and (b)(6).

[3]     HRCP Rule 60(b)(6) provides that:  "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."  The motion "shall be made within a reasonable time[.]"  Id.

State of Hawaiʻi (**RCCH**)[4] and under HRCP Rule 60(b)(1);[5] and **(3)** despite no clear record or evidence of deliberate delay or contumacious conduct, and actual prejudice to Defendant-Appellee Maui Paipala Place, LLC (**Maui Paipala**), by failing to consider lesser sanctions, and failing to issue essential findings in connection with the dismissal with prejudice.[6]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve DB's contentions as follows.

On May 4, 2021, the Circuit Court clerk entered an "Order Dismissing Complaint (RCCH Rule 12(q))" (**Clerk's Dismissal**) that dismissed DB's complaint due to its failure to timely file a pretrial statement. The Clerk's Dismissal indicated the complaint may be reinstated upon filing of a

---

[4] Under former RCCH Rule 12(q) (2020), "[a]n action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court)" and "[s]uch dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal." However, a dismissal under RCCH Rule 12(q) is not effective until entry of judgment under HRCP Rule 58. Price v. Obayashi Haw. Corp., 81 Hawaiʻi 171, 176, 914 P.2d 1364, 1369 (1996).

[5] HRCP Rule 60(b)(1) permits post-judgment relief for "mistake, inadvertence, surprise, or excusable neglect"; and a motion under (b)(1) must be filed "not more than one year after the judgment" or order.

[6] We have consolidated, reordered, and restated DB's nine points of error (**POEs**) for clarity. DB's original POEs 1 through 4 deal with the sufficiency of findings required to support a dismissal with prejudice; POEs 5 and 6 deal with the timeliness of DB's second motion to set aside dismissal under RCCH Rule 12(q) and HRCP Rule 60(b)(1); POEs 7 and 8 concern the applicability of HRCP Rule 60(b)(6) and whether waiver applies because DB did not appeal from the Final Judgment; and POE 9 raises whether comity and law of the case precluded reconsideration in this case. We address all of these POEs except for POE 9, which is not necessary in light of our resolution.

motion within ten days showing good reason to set aside dismissal.[7]

### DB's first motion to set aside Clerk's Dismissal

Seven months later, on December 14, 2021, DB moved to set aside the Clerk's Dismissal, which the Circuit Court granted in a January 3, 2022 order reinstating the case (**Reinstatement Order**).  DB filed its pretrial statement on January 25, 2022.

On February 7, 2022, Maui Paipala moved to set aside the Reinstatement Order and strike the pretrial statement, arguing, inter alia, that DB's motion to set aside the Clerk's Dismissal and DB's pretrial statement were not served on Maui Paipala; and that DB failed to move to set aside the Clerk's Dismissal within ten days under RCCH Rule 12(q).  DB's opposition argued that the failure to serve was an oversight because its counsel mistakenly believed Maui Paipala would be automatically served via JEFS.  Following a hearing, the Circuit Court filed a March 7, 2022 order granting Maui Paipala's motion to set aside the Reinstatement Order and striking DB's January 25, 2022 pretrial statement (**Order Setting Aside Reinstatement**).

On May 5, 2022, Maui Paipala submitted to the Circuit Court a proposed final judgment for entry.[8]

### DB's second motion to set aside Clerk's Dismissal

On May 10, 2022, DB filed its second motion to set aside the Clerk's Dismissal or clarify that the dismissal is without prejudice, and to strike Maui Paipala's proposed final judgment because the Circuit Court had not yet directed entry of

---

[7]     The Clerk's Dismissal was entered under the authority of the Honorable Rhonda I.L. Loo, who presided before Judge Hamman was assigned.

[8]     The record does not indicate that the Circuit Court had expressed an intent to enter a final judgment on the reinstated Clerk's Dismissal or that it had asked Maui Paipala to submit a proposed final judgment.

judgment (**2nd Motion to Set Aside**).  DB cited both HRCP Rule 60(b) and the Circuit Court's inherent powers under Hawaii Revised Statutes (**HRS**) § 603-21.9[9] as the authority for granting the relief requested.

**Filings after entry of May 11, 2022 Final Judgment**

On May 11, 2022, one day after DB filed its 2nd Motion to Set Aside the Clerk's Dismissal, the Circuit Court entered the proposed final judgment submitted by Maui Paipala (**Final Judgment**).[10]  The Final Judgment states that it is a "final judgment of dismissal" on the complaint pursuant to HRCP Rule 58 "and in accordance with" the Clerk's Dismissal and the Order Setting Aside Reinstatement.

On May 19, 2022, eight days after entry of the May 11, 2022 Final Judgment, Maui Paipala filed its opposition to DB's pre-judgment 2nd Motion to Set Aside.

On June 16, 2022, 36 days after the May 11, 2022 Final Judgment, the Circuit Court filed its order denying the 2nd Motion to Set Aside the Clerk's Dismissal (**Order Denying 2nd Motion to Set Aside**).

On June 27, 2022, DB filed "Plaintiff's Motion for Reconsideration" of the June 16, 2022 Order Denying 2nd Motion to Set Aside (**Motion for Reconsideration and 60(b) Relief**), under HRCP 59(e) and 60(b), which the Circuit Court denied on September 13, 2022; and DB timely appealed from this order.

In the September 13, 2022 Order Denying Reconsideration and 60(b) Relief, the Circuit Court concluded,

---

[9]     Relevant here, HRS § 603-21.9(6) (2016) provides circuit courts with the inherent power "[t]o make and award such judgments, decrees, orders, and mandates . . . for the promotion of justice in matters pending before them."

[10]     DB did not file an appeal within 30 days of the May 11, 2022 Final Judgment.

inter alia, that: the 2nd Motion to Set Aside offered no evidence or declaration testimony of inadvertence and excusable neglect for failing to timely file the pretrial statement or to seek reinstatement within ten days of the Clerk's Dismissal; DB was negligent in letting more than two years pass from the deadline before filing a pretrial statement and waiting months before seeking relief from the Clerk's Dismissal; the 2nd Motion to Set Aside was properly denied as untimely under HRCP Rule 60(b)(1), and there was no showing of "extraordinary circumstances" justifying relief from the Clerk's Dismissal under HRCP Rule 60(b)(6); DB waived its objections to the Clerk's Dismissal by failing to timely appeal from the Final Judgment or file an HRCP Rule 59 motion to alter or amend the Final Judgment; the record "demonstrates deliberate delay and contumacious conduct" warranting dismissal with prejudice because of DB's delay in seeking relief from the Clerk's Dismissal and because DB "admitted to . . . ignoring its filing deadlines" when it said it was "waiting for a resolution of" a related federal district court proceeding, and thus, actual prejudice is presumed; DB's delay actually prejudiced Maui Paipala because "discoverable evidence has likely been discarded or lost and the memories of witnesses have no doubt faded" and it is "likely that some witnesses are no longer available"; and principles of comity and the law of the case doctrine preclude setting aside the Clerk's Dismissal because it was entered under the authority of a different judge.

> **1. Under the circumstances of this case, post-judgment relief under HRCP Rule 60(b)(6) was warranted.**

DB challenges COL 12 in the Order Denying Reconsideration and Rule 60(b) Relief, which concluded that Rule 60(b)(6) relief was "not available" for the excusable neglect

that was covered under subsection (b)(1). Maui Paipala argues that DB was not entitled to move for relief under HRCP Rule 60(b)(6) because DB failed to "establish the existence of 'extraordinary circumstances' that prevented or rendered [it] unable to prosecute an appeal" from the Final Judgment. DB responds, inter alia, that extraordinary circumstances in this case justify relief under HRCP Rule 60(b)(6) because the Circuit Court dismissed the case with prejudice without making essential findings justifying the sanction; a dismissal with prejudice would leave DB without a remedy for the loan default; and DB filed its May 10, 2022 2nd Motion to Set Aside within a reasonable time after the March 7, 2022 Order Setting Aside Reinstatement.

Disposition of an HRCP Rule 60(b) motion is reviewed for an abuse of discretion. OneWest Bank, F.S.B. v. Ass'n of Owners of Kumulani at Uplands at Mauna Kea, 146 Hawai‘i 105, 111, 456 P.3d 178, 184 (2020). "A party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run must establish the existence of 'extraordinary circumstances' that prevented or rendered them unable to prosecute an appeal." PennyMac Corp. v. Godinez, 148 Hawai‘i 323, 331, 474 P.3d 264, 272 (2020) (citation omitted). "However, this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai‘i 422, 436, 16 P.3d 827, 841 (App. 2000), abrogated on other grounds by Chen v. Mah, 146 Hawai‘i 157, 457 P.3d 796 (2020).

In another case involving an RCCH Rule 12(q) clerk's dismissal, we held that the circuit court "abused its discretion in imposing dismissal with prejudice solely for [p]laintiff's

failure to file a timely pretrial statement and without any consideration on the record of less severe sanctions." Ryan v. Palmer, 130 Hawai'i 321, 324, 310 P.3d 1022, 1025 (App. 2013). There, we cautioned that "[t]he power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." Id. (citation omitted); see Erum v. Llego, 147 Hawai'i 368, 380, 465 P.3d 815, 827 (2020) (reiterating that Hawai'i courts have "long adhered to the policy of affording litigants the opportunity to be heard on the merits whenever possible" (citation omitted)).

Here, DB's 2nd Motion to Set Aside filed May 10, 2022 was still pending when the Circuit Court entered the May 11, 2022 Final Judgment the next day. Thereafter, Maui Paipala filed its May 19, 2022 opposition to the 2nd Motion to Set Aside. The Circuit Court did not enter the Order Denying 2nd Motion to Set Aside until June 16, 2022 -- after the 30-day deadline to appeal the Final Judgment had elapsed under Hawai'i Rules of Appellate Procedure Rule 4(a)(1). It appears the Circuit Court and the parties were operating under the impression that the Circuit Court still needed to dispose of the 2nd Motion to Set Aside even after the Final Judgment was entered. Under the extraordinary and unusual procedural circumstances present here, and in light of our public policy favoring disposition of cases on their merits whenever possible, we conclude that post-judgment relief under HRCP Rule 60(b)(6) was warranted. See Citicorp Mortg., Inc., 94 Hawai'i at 436, 16 P.3d at 841; Erum, 147 Hawai'i at 380, 465 P.3d at 827. We thus review the denial of the 2nd Motion to Set Aside as well as the denial of the reconsideration of it.

**2. The 2nd Motion to Set Aside, which sought relief under the court's inherent power prior to final judgment, was not untimely.**

DB contends the Circuit Court erred in failing to reconsider dismissal on the basis that DB failed to timely seek reinstatement within ten days of the Clerk's Dismissal under RCCH Rule 12(q) or within one year under HRCP Rule 60(b)(1). DB argues that a timely motion for reinstatement is not the only method to challenge a dismissal for failure to prosecute; the 2nd Motion to Set Aside also sought to clarify that the dismissal was without prejudice and to strike the proposed final judgment; and such relief was not bound by the one-year deadline in HRCP Rule 60(b)(1).

On appeal, we review a *sua sponte* order of dismissal for want of prosecution for abuse of discretion. Ryan, 130 Hawaiʻi at 323, 310 P.3d at 1024.

Here, the 2nd Motion to Set Aside, which was filed before Final Judgment, was not an HRCP Rule 60(b) post-judgment motion for relief; rather, it invoked the Circuit Court's inherent power to revisit an interlocutory order prior to final judgment. Cho v. State, 115 Hawaiʻi 373, 382-83, 168 P.3d 17, 26-27 (2007); see Bailey v. Duvauchelle, 135 Hawaiʻi 482, 491, 353 P.3d 1024, 1033 (2015) ("[R]elief under HRCP Rule 60(b) requires an underlying judgment."); see also e.g., Wheels of Justice, LLC v. Title Guar. Escrow Servs., Inc., No. CAAP-11-0000168, 2011 WL 4011735, at *2 (Haw. App. Sept. 9, 2011) (Dismissal Order) (pre-judgment motion to set aside RCCH Rule 12(q) dismissal filed after ten-day reinstatement period invoked the trial court's inherent power to revise interlocutory orders). The Circuit Court's legal conclusions in this regard were erroneous. As the 2nd Motion to Set Aside was not

9

untimely, the Circuit Court acted outside the scope of its discretion by denying it for that reason. The record in this case also reflected evidence of counsel's inadvertence and/or excusable neglect for DB's failure to timely file a pretrial statement. See Nakamoto v. Hilton Waikoloa Vill., 2019 WL 1747015, at *3 (Haw. App. Apr. 18, 2019) (SDO) (concluding that the circuit court abused its discretion in refusing to set aside the dismissal of the complaint where the record showed counsel's failure to timely file the pretrial statement was inadvertent).

### 3. The dismissal with prejudice was not supported by the required findings.

DB argues the Circuit Court erred in failing to reconsider its dismissal with prejudice because it failed to enter essential findings supporting such dismissal with prejudice prior to Final Judgment.

"RCCH Rule 12(q)'s language is patterned after HRCP Rule 41(b)(2)." Ryan, 130 Hawaiʻi at 323, 310 P.3d at 1024. Under HRCP Rule 41(b)(2), "a dismissal with prejudice is a 'severe sanction' of 'last resort' that cannot be affirmed 'absent deliberate delay, contumacious conduct, or actual prejudice.'" Id. (quoting In re Blaisdell, 125 Hawaiʻi 44, 49, 252 P.3d 63, 68 (2011)). "[A]bsent a clear record of delay or contumacious conduct, the careful exercise of judicial discretion requires that a trial court consider less severe sanctions [than dismissal] and explain, where not obvious, their inadequacy for promoting the interests of justice." Blaisdell, 125 Hawaiʻi at 49, 252 P.3d at 68 (cleaned up). "[T]he preconditions for a valid dismissal set forth in Blaisdell result from the severity of the sanction of dismissal itself, not from the dismissal in that case being based on HRCP Rule

10

41(b)."  Erum, 147 Hawaiʻi at 383, 465 P.3d at 830 (citation omitted).  Accordingly, the Erum court held:

> whenever a case is involuntarily dismissed with prejudice, the trial court must state essential findings on the record or make written findings as to deliberate delay or contumacious conduct and actual prejudice and explain why a lesser sanction than dismissal with prejudice is insufficient to serve the interests of justice [(**Erum Factors**)].

Id. at 390, 465 P.3d at 837.

Here, because the 2nd Motion to Set Aside sought to set aside the Clerk's Dismissal or clarify that the dismissal was without prejudice, the Circuit Court's denial of the motion constituted a discretionary decision to dismiss the case with prejudice as a sanction.[11]  Thus, it was required to make findings justifying the dismissal with prejudice under the Erum Factors.  E.g., Wheels of Justice, LLC v. Title Guar. Escrow Servs., Inc., No. CAAP-14-0000758, 2017 WL 1927746 (Haw. App. May 10, 2017) (SDO).  Prior to entry of Final Judgment,[12] the Circuit Court made no findings of deliberate delay, contumacious conduct, or actual prejudice, and the record does not reflect express consideration of less severe sanctions.

_____

[11]    Under Saplan v. U.S. Bank Nat'l Ass'n as Tr. for BAFC 2007-A, 154 Hawaiʻi 181, 189, 549 P.3d 266, 274 (2024), consideration of the Erum Factors is not required before entry of a dismissal order for failure to prosecute under RCCH Rule 12(q), "which requires dismissal as a matter of course[,]" but it is required when the trial court denies a subsequent motion to set aside an RCCH Rule 12(q) order dismissing the complaint with prejudice, because at that point, the denial is an exercise of the trial court's discretion to dismiss the case as a sanction.

[12]    The findings pertinent to the Erum Factors were in the post-judgment Order Denying Reconsideration and Rule 60(b) Relief, and cannot constitute an after-the-fact basis to deny the 2nd Motion to Set Aside. Moreover, the Circuit Court's conclusions in that Order that evidence or witnesses have "likely" been discarded, that memories of witnesses have "no doubt" faded, and that it is "likely" some witnesses are no longer available appear speculative in nature, rather than based on a specific factual determination of prejudice.

On this record, we conclude the Circuit Court acted outside the scope of its discretion in denying DB's Motion for Reconsideration and Rule 60(b) Relief, by not reconsidering its dismissal of the case with prejudice for DB's failure to file a timely pretrial statement, by not applying the Erum Factors in dismissing the case with prejudice, and by not explaining why less severe sanctions were insufficient.

Based on the above reasons, we vacate the Second Circuit Court's September 13, 2022 Order Denying Reconsideration and Rule 60(b) Relief, and remand for proceedings consistent with this Summary Disposition Order.

Further, DB's Motion for Retention of Oral Argument filed on May 5, 2025 is denied.

DATED:  Honolulu, Hawaiʻi, May 23, 2025.

On the briefs:

David A. Nakashima,
for Plaintiff-Appellant.

Frederick J. Arensmeyer,
for Defendant-Appellee Maui
Paipala Place, LLC.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge